[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11210

Non-Argument Calendar

_____

IN RE: TESFALEM ISSAC,

                                                        Appellant,

UNITED STATES OF AMERICA,
ex rel.

                                                        Plaintiff,

*versus*

LOCKHEED MARTIN,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00893-MHC

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Tesfalem Issac appeals the dismissal of his fifth amended complaint against Lockheed Martin for violations of the False Claims Act, 31 U.S.C. § 3729 *et seq*. The district court ruled that Issac's complaint failed to state a claim for relief. Fed. R. Civ. P. 12(b)(6). Issac challenges only the dismissal of his retaliation claim, 31 U.S.C. § 3730(h). We affirm.

In March 2018, Issac filed a *qui tam* suit under seal against his then-employer, Lockheed Martin. The United States declined to intervene. In February 2022, Issac filed his fifth amended complaint. He alleged that he was a structural mechanic for Lockheed. In 2010, he was assigned to a team responsible for sealing fuel tanks on certain aircraft. His supervisor directed Issac and the crew to use spray guns ordinarily used for painting airplanes to apply an adhesion promotor to the fuel tanks, instead of using a slower method like an aerosol can, paint brush, or cotton cloth to ensure proper application and sealing. Although the high-pressured spray guns released noxious chemical fumes, Lockheed failed to provide its employees with proper respirators, which caused them to become

sick. The spray guns and lack of protective gear allegedly violated the Manufacturing Process Standard, the Occupational Safety and Health Act, the terms of Lockheed's government contracts, and Department of Defense protocols.

Issac alleged that, beginning in 2010, he complained to his supervisor and other personnel about the health effects of using the spray guns. In 2016, he and other employees contacted the Occupational Safety and Health Administration about their illnesses, but two days before a scheduled air quality test, Lockheed took preemptive measures to conceal the effects of the spray guns. He also contacted his union about the fumes.

Issac alleged that, in July 2018, after he filed his *qui tam* lawsuit, the Department of Defense inspected the facility and tagged the spray guns as "out of compliance" with the aircraft's sealing standards. After the inspection, he was treated "differently" and transferred to a different building, where he was assigned menial tasks. In October 2018, the government interviewed him regarding his allegations.

In November 2018, Lockheed's work placement committee informed Issac that he was "out pending placement" because his health had worsened to the extent that it could not "accommodate [his] current medical limitation(s)." In May 2021, Lockheed notified him that his "request for time away from work ha[d] been approved" for November 2018 through September 2021. Because he never requested medical leave, he believed Lockheed was trying to cover up his retaliatory termination.

The district court dismissed Issac's complaint. It ruled that the complaint failed to state a claim for retaliation under the False Claims Act because the complaint lacked any allegations to support a plausible inference that Lockheed knew Issac had engaged in protected activity or a causal connection between Issac's engagement in a protected activity and his adverse employment actions.

We review *de novo* the dismissal of a complaint. *Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1222 (11th Cir. 2022). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks omitted). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, [that] state[s] a claim to relief that is plausible on its face." *Id.*

The Act provides relief to an employee discriminated against "because of lawful actions done . . . in furtherance of an action under [the Act] or other efforts to stop . . . violations of [the Act]." 31 U.S.C. § 3730(h)(1). To prove that the retaliation was "because of" the protected activity, the plaintiff must prove that his employer was aware of the protected activity. *Id.*; *see U.S. ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1304 (11th Cir. 2010).

The district court did not err in dismissing Issac's claim of retaliation. Issac alleged no facts from which the district court could plausibly infer that Lockheed was aware or on notice that he was pursuing a claim against it under the Act. His complaint failed to draw a causal link from his engagement in protected activities—undisputedly, his filing a *qui tam* lawsuit under seal and meeting with the government about his allegations six months later—to his transfer away from aircraft work and being notified that he was "out pending placement" due to medical limitations. Issac never alleged that Lockheed knew about the *qui tam* filing or his interview with the government before the adverse actions.

Issac instead alleged that he was treated "differently" after the Department inspected the spray guns in July 2018, but he never alleged that the Department's inspection was prompted by his *qui tam* action or that the inspection tipped off Lockheed that it was being sued by Issac for committing fraud on the government. Numerous employees allegedly had become sick from using the spray guns, and Issac was not the only employee who had complained. Because Issac's complaint was devoid of any factual allegations that, if true, would establish that Lockheed was on notice that he had engaged in protected activities, *see Sanchez*, 596 F.3d at 1304, he failed to state a claim for retaliation under the Act.

We **AFFIRM** the dismissal of Issac's complaint.